## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

AIRLINES REPORTING CORPORATION  :
A Delaware Corporation  :
4100 North Fairfax Drive; Suite 600  :
Arlington, Virginia  22203,  :
   :
        Plaintiff,  :
   :
   :   Civil Action No.:  *1:10cv1119*
v.  :                 *LO6/TCB*
   :
MUNDO TRAVEL CORPORATION.  :
d/b/a MUNDO TRAVEL  :
2201 Northgate Boulevard  :
Sacramento, California 95833  :
   :
   **SERVE OWNER:**  :
   Erik Vallejo-Balboa  :
   8921 Bleford Ct.  :
   Roseville, CA 95747  :
   :
AND  :
   :
ERIK VALLEJO-BALBOA  :
8921 Bleford Ct.  :
Roseville, CA 95747  :
   :
AND  :
   :
IVAN VALLEJO  :
842 Fulton Street  :
Fresno, CA 93720  :
        Defendants.  :

FILED
OCT – 6 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## COMPLAINT

      COMES NOW Plaintiff, Airlines Reporting Corporation (hereinafter referred to as "ARC"), by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and alleges as follows:

## THE PARTIES

1.      ARC is a Delaware corporation with its principal place of business at 4100 N. Fairfax Drive, Suite 600, Arlington, Virginia, 22203.

2.      Upon information and belief, DEFENDANT MUNDO TRAVEL CORPORATION d/b/a MUNDO TRAVEL (hereinafter "MUNDO TRAVEL") is a California corporation with its principal place of business in Sacramento, California.

3.      DEFENDANT ERIK VALLEJO-BALBOA is an adult individual whose last known address is 8921 Bleford Ct. Roseville, CA 95747

4.      Upon information and belief, DEFENDANT ERIK VALLEJO-BALBOA serves as the 50% stockholder, CEO, and director of MUNDO TRAVEL and holds an ownership interest in MUNDO TRAVEL.

5.      Defendant IVAN VALLEJO is an adult individual whose last known address is 842 Fulton Street, Fresno, California 93720.

6.      Upon information and belief, DEFENANT IVAN VALLEJO serves as the 50% stockholder and president of MUNDO TRAVEL and holds an ownership interest in MUNDO TRAVEL.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction on the basis of the diversity of citizenship of the parties.   28 U.S.C. §1332.   The amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand and 00/100 Dollars ($75,000).

8.      Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2).

9.      This Court has personal jurisdiction over the Defendants pursuant to Va. Code § 8.01-328.1 and on the basis of Defendants' contacts with this forum.

234244-1

## FACTS COMMON TO COUNTS ONE THROUGH SEVEN

10      Upon information and belief, at all relevant times, MUNDO TRAVEL CORPORATION has been doing business as, MUNDO TRAVEL with its principal office in Sacramento, California.

11.      Plaintiff ARC serves as a national clearinghouse for issuing documents and other forms ("ARC traffic documents") to travel agents to be used as air passenger tickets by the travel agents' customers.

12.      ARC maintains an agency list of persons and entities qualified to serve as travel agents and issue ARC traffic documents.

13.      ARC enters into Agent Reporting Agreements ("ARA") with the travel agents which govern the issuance of ARC traffic documents.  The Agreement between ARC and MUNDO TRAVEL is attached as Exhibit 1 to the Complaint, and incorporated herein by reference.

14.      Upon application for accreditation, ARC approved MUNDO TRAVEL's Sacramento location for the receipt of ARC traffic documents in or about November 2000.

15.      In order to maintain accreditation, ARC periodically requires agencies to execute a Memorandum of Agreement to the ARA.  Effective April 26, 2000, DEFENDANT ERIK VALLEJO BALBOA entered into an ARA with ARC on behalf of MUNDO TRAVEL. A copy of the Memorandum of Agreement executed by DEFENDANT ERIK VALLEJO BALBOA on behalf of MUNDO TRAVEL is attached hereto as Exhibit 2, and incorporated herein by reference.

16.      In order to maintain accreditation, ARC periodically requires agencies to execute a Memorandum of Agreement to the ARA.    Effective October 10, 2005,

234244-1

DEFENDANT IVAN VALLEJO entered into an ARA with ARC on behalf of MUNDO TRAVEL. A copy of the Memorandum of Agreement executed by DEFENDANT IVAN VALLEJO on behalf of MUNDO TRAVEL is attached hereto as Exhibit 3, and incorporated herein by reference.

17.     Under the ARA, DEFENDANT MUNDO TRAVEL and DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO are required to hold ARC traffic documents in trust for ARC.

18.     The ARA also required that DEFENDANT MUNDO TRAVEL and DEFENDANT ERIK VALLEJO BALBOA and DEFENDANT IVAN VALLEJO hold proceeds from all sales of ARC traffic documents in trust.

19.     Under the ARA, DEFENDANT ERIK VALLEJO BALBOA was required to file weekly sales reports detailing all ARC traffic documents issued to clients of MUNDO TRAVEL during the preceding period.

20.     The ARA further required that DEFENDANT ERIK VALLEJO BALBOA, as an individual who concurred in the adoption of the contract, be responsible for the accuracy of the weekly sales reports.

21.     The required weekly sales reports of MUNDO TRAVEL, and the amounts set forth therein, serve to authorize the ARC area bank to draw a check on the travel agencies' respective accounts in appropriate amounts payable to ARC.

22.     Upon information and belief, DEFENDANT ERIK VALLEJO BALBOA purposefully failed to include in the required weekly sales reports to ARC all sales of air transportation tickets and ancillary services issued by DEFENDANT MUNDO TRAVEL on ARC traffic documents.

234244-1

23.     Upon information and belief, DEFENDANT ERIK VALLEJO BALBOA has reported certain sales to ARC, for which they failed to make funds available as required by Section VII.B of the ARA (the "Dishonored Drafts") in an amount not less than One Hundred Fifty-Two Thousand, Six Hundred Twenty One and 16/100 Dollars ($152.621.16).

24.     Upon information and belief, DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO purposefully deprived ARC of monies due from ticket sales by diverting funds to themselves.

25.     DEFENDANT ERIK VALLEJO BALBOA as the principal and/or owner of DEFENDANT MUNDO TRAVEL, and DEFENDANT IVAN VALLEJO as principal and/or owner of DEFENDANT MUNDO TRAVEL, purposefully deprived ARC of monies due from the proceeds on ARC traffic document sales by allowing the mishandling of funds in the agency account.

26.     On or about February 4, 2008, the ARA between ARC and MUNDO TRAVEL was terminated.

27.     As a consequence of the foregoing and taking into account all payments and credits, DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO and MUNDO TRAVEL remain indebted to ARC in an amount not less than Eighty Thousand Three Hundred Thirty One and 26/100 Dollars ($80,331.26).

28.     ARC has demanded that DEFENDANT MUNDO TRAVEL, and DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO pay this amount and such demand has been denied.

234244-1

## COUNT ONE: BREACH OF CONTRACT

29.     ARC repeats and realleges the allegations and averments set forth in Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.     DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO as owners and/or principals of DEFENDANT MUNDO TRAVEL, knew or should have known that the ARA governed the operation of DEFENDANT MUNDO TRAVEL in order to retain ARC accreditation.

31.     DEFENDANT ERIK VALLEJO BALBOA, as an owner and officer of MUNDO TRAVEL, signed the ARA for MUNDO TRAVEL.

32.     On numerous occasions, DEFENDANT ERIK VALLEJO BALBOA AND DEFENDANT IVAN VALLEJO failed to make funds available to ARC on reported sales of ARC traffic tickets, resulting in Dishonored Drafts in an amount not less than One Hundred Fifty-Two Thousand, Six Hundred Twenty-One and 16/100 Dollars ($152,621.16).

33.     DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO breached Sections VII.K and VII.L of the ARA by using, and/or allowing to be used, a credit card issued in the name of individual(s) selling ARC traffic documents and/or third-party credit card holders, and further by failing to identify such sales to ARC.

34.     DEFENDANT ERIK VALLEJO BALBOA, as owner and/or principal of DEFENDANT MUNDO TRAVEL, purposefully defrauded ARC by, among other things: issuing ARC documents against a credit card without the cardholder's authority, or against a stolen or otherwise fraudulent credit card; using credit cards which were issued in the name of a third party for the purchase of air transportation for sale or resale to other persons without the permission of the third-party credit card holder or carrier; and reporting to the carrier the

234244-1

air transportation cash sale as a credit card transaction where payment was received in cash from the customer for such air transportation.

35. DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO either knew or should have known that such credit card usage was taking place, yet took no action to prevent it or otherwise report it to ARC as required by the ARA.

36. ARC has performed all conditions required of it under the ARA, including all conditions precedent.

37. As a result of the foregoing material breaches of the ARA by DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO has been damaged in an amount not less than Eighty Thousand, Three Hundred Thirty-One and 26/100 Dollars ($80,331.26), after accounting for all payments and credits.

WHEREFORE, ARC respectfully requests that judgment as to Count One be entered in its favor against DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO jointly and severally for breach of contract and that ARC be awarded monetary damages in an amount not less than Eighty Thousand, Three Hundred Thirty-One and 26/100 Dollars ($80,331.26), plus attorney's fees and costs, and any additional relief that this Court may deem appropriate.

## COUNT TWO: BREACH OF FIDUCIARY DUTY

38. ARC repeats and realleges the allegations and averments set forth in Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

39. Under Section XII.D of the ARA, DEFENDANT ERIK VALLEJO BALBOA, as an officer of DEFENDANT MUNDO TRAVEL, undertook express fiduciary duties to ARC to hold in trust ARC traffic documents.

234244-1

40.    Under Section VII.B of the ARA, DEFENDANT ERIK VALLEJO BALBOA, and DEFENDANT IVAN VALLEJO as officers of DEFENDANT MUNDO TRAVEL, undertook express fiduciary duties to ARC to hold in trust the proceeds of sales of ARC traffic documents, less applicable commissions, until such proceeds were paid to ARC.

41.    Despite the express undertakings of these fiduciary duties set forth in Paragraphs 39-40 DEFENDANT ERIK VALLEJO BALBOA and DEFENDANT IVAN VALLEJO deliberately failed to adhere to the terms of the trust, and acted to ARC's detriment, contrary to the terms of the trust.

42.    Upon information and belief, in breach of these fiduciary duties and relationships, DEFENDANT ERIK VALLEJO BALBOA AND DEFENDANT IVAN VALLEJO appropriated for their own use and benefit and/or misdirected and failed to account properly for a sum not less than One Hundred Fifty-Two Thousand, Six Hundred Twenty-One and 16/100 Dollars ($152,621.16), which was to be held in trust for ARC's benefit.

43.    Upon information and belief, DEFENDANT ERIK VALLEJO BALBOA has acted willfully, wantonly, maliciously, and in reckless disregard of ARC's rights, all to the substantial and intentional detriment of ARC.

44.    Upon information and belief, DEFENDANT IVAN VALLEJO has acted willfully, wantonly, maliciously, and in reckless disregard of ARC's rights, all to the substantial and intentional detriment of ARC.

45.    DEFENDANT ERIK VALLEJO BALBOA is liable for any and all damages sustained by ARC in this matter.

46.    DEFENDANT IVAN VALLEJO is liable for any and all damages sustained by ARC in this matter.

234244-1

WHEREFORE, ARC respectfully requests that judgment as to Count Two be entered in its favor jointly and severally against DEFENDANT ERIK VALLEJO BALBOA, IVAN VALLEJO and DEFENDANT MUNDO TRAVEL for breach of fiduciary duty and that ARC be awarded monetary damages in an amount not less than Eighty Thousand, Three Hundred Thirty-One and 26/100 Dollars ($80,331.26), punitive damages in the amount of Fifty Thousand and 00/100 Dollars ($50,000.00), attorney's fees and costs, and any other relief that this Court may deem appropriate.

### COUNT THREE: CONVERSION

47.     ARC repeats and realleges the allegations and averments set forth in Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

48.     Upon information and belief, DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO requested or concurred in the request to have ARC forward ARC traffic documents to DEFENDANT MUNDO TRAVEL, ostensibly for use in accordance with the ARA.

49.     Until properly issued to customers of DEFENDANT MUNDO TRAVEL, the ARC traffic documents remain the property of ARC, pursuant to Section XII.D of the ARA.

50.     DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO knew or should have known that the ARA required the submission of weekly sales reports detailing the ARC traffic documents ordered, received, and used by them during the preceding week.

51.     Upon information and belief, despite knowledge of ARC's rights, DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO wrongfully applied and converted the ARC traffic documents and the proceeds therefrom to their own use and benefit, depriving ARC of its rights.

234244-1

52.   DEFENDANT MUNDO TRAVEL's bank account was established under Section VII of the ARA, for the benefit of ARC. The account held proceeds of the sale of ARC traffic documents.

53.   Despite demand by ARC, DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO have failed and refused, and continue to fail and refuse, to pay ARC for the value of the converted ARC traffic documents, in an amount not less than Eighty Thousand, Three Hundred Thirty-One and 26/100 Dollars ($80,331.26).

54.   Upon information and belief, DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO performed these actions willfully, wantonly, maliciously, and in reckless disregard of ARC's rights, all to the substantial and intentional detriment of ARC.

55.   DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO are liable for any and all damages sustained by ARC in this matter.

WHEREFORE, ARC respectfully requests that judgment as to Count Three be entered in its favor jointly and severally against DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO for conversion and that ARC be awarded monetary damages in an amount not less than Eighty Thousand, Three Hundred Thirty-One and 26/100 Dollars ($80,331.26), punitive damages in the amount of Fifty Thousand and 00/100 Dollars ($50,000.00), attorney's fees and costs, and any additional relief that this Court may deem appropriate.

## COUNT FOUR: STATUTORY CONSPIRACY

56.   ARC repeats and realleges the allegations and averments set forth in Paragraphs 1 through 28 as if fully set forth herein.

234244-1

57.   Upon information and belief, DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO intentionally conspired to commit unlawful acts to injure and hinder ARC in its lawful business.

58.   Upon information and belief, DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO issued checks drawn on the MUNDO TRAVEL bank account(s) that were established under section VII.B of the ARA for the benefit of ARC.  The monies in the accounts were proceeds from the sale of ARC traffic documents and were to be held in trust for ARC and the airline carriers.

59.   In addition, upon information and belief, DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO purposefully conspired to deprive ARC of other monies due from ticket sales by unlawfully diverting sales proceeds to themselves.

60.   Upon information and belief, in so conspiring, DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO acted outside the scope of their employment with MUNDO TRAVEL.

61.   Upon further information and belief, DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO conspired willfully, maliciously, and knowingly to injure ARC.

62.   As a direct and proximate result of the conspiracy to injure ARC, DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO are liable for ARC's monetary loss in an amount not less than Eighty Thousand, Three Hundred Thirty-One and 26/100 Dollars ($80,331.26).

WHEREFORE, ARC respectfully requests that judgment as to Count Four be entered jointly and severally against DEFENDANTS ERIK VALLEJO BALBOA and IVAN

234244-1

VALLEJO for conspiracy to injure ARC in violation of Virginia Code §18.2-499, *et seq.,* and that ARC be awarded treble damages in the amount of Two Hundred Forty Thousand, Nine Hundred Ninety Three and 78/100 ($240,993.78), attorney's fees and costs, and any additional relief that this Court deems appropriate.

## COUNT FIVE: COMMON LAW CONSPIRACY

63.     ARC repeats and realleges the allegations and averments set forth in Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

64.     Upon information and belief, DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO acted in concert to defraud ARC.

65.     Upon information and belief, DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO combined to accomplish the foregoing unlawful purposes to ARC's detriment.

66.     Upon information and belief, DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO actively participated in or acted with reckless disregard for the truth about the scheme whereby the weekly sales reports and supporting documentation were prepared so as to deceive ARC and allow continued operations under the ARA.

67.     Upon further information and belief, in so conspiring, DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO acted outside the scope of their employment with MUNDO TRAVEL.

WHEREFORE, ARC respectfully requests that judgment as to Count Five be entered jointly and severally against DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO for common law conspiracy to defraud ARC and that ARC be awarded monetary damages in an amount not less than Eighty Thousand, Three Hundred Thirty One and 25/100

234244-1

Dollars ($80,331.25), punitive damages in an amount of Fifty Thousand and 00/100 Dollars ($50,000.00), attorney's fees and costs, and any additional relief that this Court deems appropriate.

### COUNT SIX: UNJUST ENRICHMENT

68. ARC repeats and realleges the allegations and averments set forth in Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

69. Upon information and belief, DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO possess the proceeds of sales for Dishonored Drafts, Unreported Sales, and Chargebacks of ARC traffic documents.

70. DEFENDANT ERIK VALLEJO BALBOA has no legal entitlement to such proceeds in his possession and ought not in justice be allowed to keep the same.

71. DEFENDANT IVAN VALLEJO has no legal entitlement to such proceeds in his possession and ought not in justice be allowed to keep the same.

72. ARC is legally and equitably entitled to the proceeds from DEFENDANT ERIK VALLEJO BALBOA's disposal of ARC traffic documents.

73. ARC is legally and equitably entitled to the proceeds from DEFENDANT IVAN VALLEJO's disposal of ARC traffic documents.

74. ARC is legally and equitably entitled to the proceeds from DEFENDANT ERIK VALLEJO BALBOA's disposal of ARC traffic documents.

75. ARC is legally and equitably entitled to the proceeds from DEFENDANT IVAN VALLEJO 's disposal of ARC traffic documents.

WHEREFORE, ARC respectfully requests the following as to Count Six: (1) that the Court impose constructive trusts severally on the proceeds of the wrongfully disposed of ARC

13

234244-1

traffic documents in the possession of each of the several DEFENDANTS ERIK VALLEJO BALBOA and IVAN VALLEJO, and DEFENDANT MUNDO TRAVEL, or others for unjust enrichment; (2) that the Court order the Defendants to disgorge the amount each is shown at trial of this matter to have withheld unjustly from ARC; and (3) that the Court award any additional relief that this Court deems appropriate.

Dated this 5th day of October, 2010.

Respectfully Submitted,

BONNER KIERNAN TREBACH & CROCIATA, LLP

By: _____

Felicity A. McGrath (VSB # 41708)
1233 20th Street, Suite 800
Washington, DC 20005
(202) 712-7000
(202) 712-7100 (facsimile)

Counsel for the Plaintiff Airlines Reporting Corporation

234244-1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing Complaint was

served, via first-class, postage prepaid, this  day of October, 2010, upon:

> MUNDO Travel & Tours, Inc.
> c/o ERIK VALLEJO BALBOA
> 8921 Bleford Ct.
> Roseville, CA 95747
>
> ERIK VALLEJO BALBOA
> 8921 Bleford Ct.
> Roseville, CA 95747
>
> IVAN VALLEJO
> 842 Fulton Street
> Fresno, CA 93720

Felicity A. McGrath

15                                                             234244-1